MURIEL SANDQUIST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
SANDQUIST v. COMMISSIONER
Docket No. 5156-77.
United States Tax Court
T.C. Memo 1978-281; 1978 Tax Ct. Memo LEXIS 235; 37 T.C.M. (CCH) 1191; T.C.M. (RIA) 78281; July 25, 1978, Filed Muriel Sandquist, pro se. Thomas P. Dougherty, Jr., for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioner's income tax of $ 155.03 for 1973 and $ 190.91 for 1974. The sole issue for decision is whether petitioner is entitled to a casualty loss deduction as a result of the compulsory liquidation of the International Bank and Trust, Limited, Nassau, Bahamas. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in New Britain, Connecticut, at the time she filed *236 her petition herein. Prior to 1973, petitioner had opened a personal savings account at the International Bank and Trust, Limited, Nassau, Bahamas ("IBT"). On June 30, 1973, she had $ 4,138.77 on deposit at IBT. On December 20, 1972, IBT's banking license was revoked and on February 13, 1973, petitioner was informed that IBT had been put into compulsory liquidation as of January 1973. On June 30, 1973, petitioner submitted a claim to the liquidators of IBT in the amount of $ 4,138.77. Thereafter, petitioner received a letter dated September 11, 1973, from the liquidators advising her that she would be kept informed as to the progress of the liquidation and her prospects of recovery. The letter also stated that claimants would be notified if the liquidators were unable to agree to their claims. Thereafter petitioner received two follow-up status reports from the liquidators dated May 1, 1974 and August 12, 1975. In the August 12, 1975 report the liquidators stated: It is not possible at this time to predict with any degree of certainty what eventual recovery of depositors funds might be made. As of April 18, 1978, [1] the date of the hearing in this case, the liquidation *237 of IBT still had not been completed. However, during 1978 as well as 1973 and 1974 IBT had assets which ultimately may become available for the satisfaction of its depositors' claims though the amount available is still unknown. On her 1973 and 1974 income tax returns petitioner claimed casualty loss deductions in the amount of $ 1,969.38. [2] Respondent in his statutory notice disallowed the claimed deductions by reason of petitioner's failure to establish that the loss resulted from a casualty and her failure to establish that the loss was sustained during 1973 and 1974. OPINION The sole issue for decision is whether petitioner is entitled to a casualty loss deduction as a result of the compulsory liquidation of International Bank and Trust, Limited ("IBT") in which she maintained a personal savings account. Petitioner contends that IBT's liquidation was precipitated by the *238 embezzlement of funds by IBT's former president. Therefore, she contends, she is entitled to a deduction under section 165 [3] in the amount of her deposits in IBT. Respondent, on the other hand, contends (1) that petitioner did not suffer a casualty loss within the meaning of section 165 and (2) that any loss incurred by petitioner is deductible, if at all, as a nonbusiness bad debt under section 166(d). He further argues that petitioner has failed to prove that this debt or any portion thereof became worthless during the years in issue. We agree with respondent in both respects. Although IBT's financial difficulties may have arisen by reason of an embezzlement or theft, petitioner's relationship with IBT was that of a creditor. Any loss she may have sustained comes within the bad debt provision of section 166. P-H Memo. T.C. par. 77,099 (1977). Moreover, in order for petitioner to be entitled to a bad debt deduction under section 166 or 1973 or 1974, she must establish that her debt became worthless *239 in either of those years. , affd. . The facts, however, demonstrate that during 1973 and 1974 IBT had assets which viewed as of December 31, 1974, might have become available for the satisfaction of petitioner's claim. We therefore conclude that petitioner is not entitled to a bad debt deduction in either 1973 or 1974. Decision will be entered for the respondent. Footnotes
1. Following receipt of the August 12, 1975 status report, petitioner made several inquiries about the progress of the liquidation of IBT, but as of April 1978 had not received any updated status report.↩
2. The claimed deductions represented one-half of $ 4,138.77 less $ 100 for each year.↩
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩